1  GLENN L. BRIGGS (SB# 174497)
   Email: gbriggs@hbwllp.com
2  KYMBERLEIGH DAMRON-HSIAO (SB# 240508)
   Email: kdamronhsiao@hbwllp.com
3  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   TARGET CORPORATION

7

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12  BRIAN JOHNSON, an individual,        CASE NO.:_____

13            Plaintiff,                 [Kern County Superior Court Case No:
                                         S-1500-CV-280240 SPC ]
14       vs.

15  TARGET CORPORATION, a               **DEFENDANT TARGET
    corporation; and DOES 1-25,         CORPORATION'S NOTICE OF
16  inclusive,                          REMOVAL OF ACTION TO UNITED
                                        STATES DISTRICT COURT
17            Defendants.               PURSUANT TO 28 U.S.C. §§ 1332
                                        AND 1441 (DIVERSITY)**
18

19

20

21

22

23

24

25

26

27

28

70796

PLEASE TAKE NOTICE THAT defendant Target Corporation (hereinafter "Target") hereby removes to this Court the state court action described below.

1.     On September 10, 2013, plaintiff Brian Johnson ("Plaintiff") commenced an action against Target in the Superior Court of the State of California in and for the County of Kern, North Valley District, entitled <u>Johnson v. Target Corporation, et al.</u>, as case number S-1500-CV-280240 SPC.  A true and correct copy of the Complaint ("Complaint") and Civil Case Cover Sheet are attached hereto as Exhibit "A."  A true and correct copy of the corresponding Summons, filed September 13, 2013, is attached hereto as Exhibit "B."

2.     Plaintiff served Target with the Complaint and Summons on September 25, 2013.  The Proof of Service filed with the Superior Court of the State of California in and for the County of Kern, on October 3, 2013, is attached hereto as Exhibit "C".

3.     Because Plaintiff served Target with the Complaint on September 25, 2013, and this Notice of Removal was filed on October 24, 2013, this Notice of Removal is filed within 30 days from the date upon which Target was served and is within the time for removal provided by law.  28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a).

4.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this Court by Target pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an action in which the aggregate amount in controversy exceeds the sum of

1  $75,000, exclusive of interest and costs, and Plaintiff and Target are citizens of

2  different states, and Target is not a citizen of California.

3

4  **DIVERSITY OF CITIZENSHIP**

5

6  5.      There is complete diversity between Plaintiff and Target.

7

8  6.      In his Complaint, Plaintiff alleges that he is an "individual

9  residing in the County of Kern, State of California." (See Exhibit A, ¶ 1.) Plaintiff

10  further owns and operates Johnsons Pool Maintenance, located in Bakersfield,

11  California. Plaintiff also has five children ranging from the ages of four to fifteen

12  years old, all of whom reside in the Bakersfield area.

13

14  7.      Accordingly, because Plaintiff has demonstrated an intent to

15  remain in the State of California, including but not limited to the time he filed the

16  instant Action, Plaintiff is domiciled in the State of California. Kanter v. Warner-

17  Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (stating that a person's domicile is

18  the place that he resides with the intention to remain).

19

20  8.      To determine a corporation's principal place of business,

21  Federal courts must utilize the "nerve center" test. Hertz Corp. v. Friend, 130 S. Ct.

22  1181, 1183 (2010). Under the "nerve center" test, a corporation's principal place of

23  business is "the place where the corporation's high level officers direct, control, and

24  coordinate the corporation's activities." Id. Per the U.S. Supreme Court, a

25  corporation's nerve center "should normally be the place where the corporation

26  maintains its headquarters – provided that the headquarters is the actual center of

27  direction, control, and coordination." Id.

28

70796

NOTICE OF REMOVAL

9.      Defendant Target is incorporated under the laws of the state of Minnesota.  As discussed below, Target's principal place of business is the state of Minnesota.

10.      Target maintains its executive offices in Minnesota.  Target's executive, finance, accounting, marketing, information systems, and legal functions are all centralized at its Minnesota headquarters.  All of the members of Target's upper management have their offices in Minnesota.  Finally, Minnesota is where all of Target's company-wide decisions and policies are made.  Accordingly, under the nerve center test, Target's principal place of business is Minnesota.  Hertz, 130 S. Ct. at 1183.

11.      Target hereby requests that this matter be assigned to the Bakersfield Division of the United States District Court for the Eastern District of California because the state court in which the action was filed by Plaintiff is within this judicial district.  See 28 U.S.C. § 1446(a).

## AMOUNT IN CONTROVERSY

12.      At the time of the termination of his employment, Plaintiff was a Group Leader—Inbound who earned a salary of $70,800 annually (without consideration of bonus or benefits).  Plaintiff alleges that his termination of employment with Target occurred on June 4, 2013.  Thus, at a minimum, Plaintiff seeks approximately $27,231.00 in lost wages alone (calculated based on a $70,800 annual salary divided by 52 weeks and multiplied by 20 weeks of unemployment to date).  This calculation is exclusive of any future wages and/or lost benefits or other general and compensatory damages that Plaintiff seeks.  (See id., at ¶¶ 44, 54, 65, 76, 87, 97, and pp. 17-18 at Prayer.)  For example, Plaintiff has five dependents

1  (children), and has claimed loss of benefits as part of his damages.  See, e.g.,

2  Complaint at ¶ 44.

3

4          13.    Plaintiff also seeks punitive damages against Target.  (See id.

5  at ¶¶ 45, 46, 56, 66, 67, 77, 78, 88, 89, 98, and 99 and pp. 17-18 at Prayer).  In

6  addition to compensatory damages, punitive damages are used to determine

7  whether the jurisdictional minimum has been satisfied.  See Gibson v. Chrysler

8  Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive

9  damages are part of the amount in controversy in a civil action.").  It is apparent

10  from the Complaint that the amount in controversy far exceeds the $75,000

11  jurisdictional threshold.

12

13          14.    Plaintiff further seeks attorneys' fees.  (See Exhibit A, ¶ 47,

14  57, 68, 79, 90, 108, and at pp. 17-18 at Prayer for Relief.)  Should Plaintiff prevail

15  on his claim for discrimination in violation of the California Fair Employment and

16  Housing Act, he will be entitled to recover attorneys' fees.  See Cal. Gov't Code §

17  12965(b).  When attorneys' fees are recoverable by statute, they are also factored

18  into the determination of the amount in controversy.  See Richmond v. Allstate Ins.

19  Co., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (Attorneys' fees are included in the

20  amount in controversy "if recoverable by statute or contract").  It is apparent from

21  the Complaint that the amount in controversy well exceeds the $75,000

22  jurisdictional threshold.

23

24          15.    Although Target disputes Plaintiff's allegations, Plaintiff's

25  assessment is reasonable given that his Complaint alleges claims for: (i) disability

26  discrimination; (ii) failure to prevent discrimination; (iii) failure to engage in the

27  interactive process; (iv) failure to reasonably accommodate physical disability; (v)

28  retaliation for requesting a reasonable accommodation; (vi) wrongful termination in

70796

4

1  violation of public policy; and (vii) declaratory and injunctive relief.  (See Exhibit

2  A, ¶¶ 39-108.)

3

4          16.        Employment claims, such as the claims asserted by Plaintiff,

5  are the type that has resulted in jury verdicts in excess of $75,000.00 (exclusive of

6  attorneys' fees).  To establish the amount in controversy, which can include both

7  compensatory and punitive damages, a removing defendant "may introduce

8  evidence of jury verdicts in cases involving analogous facts."  Simmons v. PCR

9  Tech., 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (finding it proper to

10  consider evidence from various jury verdict reporters to establish the amount in

11  controversy; Robert I Weil, et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial

12  2:665 (2006).  The following jury verdicts are illustrative:

13

14          a.        Polk v. Metropolitan Transportation Authority, Superior

15  Court of Los Angeles, Case No. BC443358 (Jan. 23, 2012) (J. Murphy, Mary Ann).

16  The jury awarded in excess of $75,000.00 to Polk for failure to engage in the

17  interactive process.  Polk suffered from cancer and alleged that his employer failed

18  to provide a reasonable accommodation, failed to engage in the interactive process,

19  retaliated against him and wrongfully terminated him because of his cancer.  See

20  Request for Judicial Notice ¶ 1.

21

22          b.        Kamali v. California Department of Transportation,

23  Superior Court of Los Angeles County, Case No. BC426247 (Dec. 20, 2012) (J.

24  David L. Minning).  The jury awarded in excess of $75,000.00 to Kamali for

25  disability harassment and discrimination, retaliation, failure to engage in the

26  interactive process, failure to provide reasonable accommodation and failure to

27  prevent harassment and discrimination.  Kamali alleged that he requested an

28  accommodation for his knee injury, and his requests were denied even after

1   providing documentation from his doctor.  He claimed economic and noneconomic

2   damages.  See Request for Judicial Notice ¶ 2.

3

4          c.    Kranson v. Federal Express Corp., United States District

5   Court for the Northern District of California, Case No. 4-11-cv-05826-YGR (July

6   11, 2013) (J. Yvonne Gonzalez Rogers).  The jury awarded in excess of $75,000.00

7   to Kranson for disability discrimination, failure to provide reasonable.  Kranson

8   suffered a work injury and subsequently took a leave of absence.  His employer

9   terminated his employment following the expiration of his leave of absence.  See

10  Request for Judicial Notice ¶ 3.

11

12       17.    Although not identical in every respect to the case at bar, the

13  foregoing cases contain material similarities, thereby rendering them sufficient for

14  the purposes of establishing the jurisdictional minimum of $75,000.00.  See

15  Simmons, 209 F. Supp. 2d at 1035 (stating that the "fact that the cited cases involve

16  distinguishable facts is not dispositive" and that the cited cases "amply demonstrate

17  the potential for large punitive [and emotional distress] damage awards").

18

19       18.    The foregoing verdicts are exclusive of attorneys' fees.  Thus,

20  including attorneys' fee awards which, in FEHA cases, prevailing parties typically

21  seek attorneys' fees awards well in the six digits, the amount in controversy far

22  exceeds the $75,000 threshold.

23

24       19.    Accordingly, and for the aforementioned reasons, the amount in

25  controversy exceeds the $75,000 jurisdictional threshold.

26

27

28

70796

6

## PROCESS, PLEADINGS AND ORDERS

20.    Attached hereto as Exhibit "A," is a copy of the Complaint and Civil Case Cover Sheet, filed with the Superior Court of the State of California in and for the County of Kern on September 10, 2013.

21.    Attached hereto as Exhibit "B," is a copy of the Summons, filed with the Superior Court of the State of California in and for the County of Kern on September 13, 2013.

22.    Attached hereto as Exhibit "C," is a copy of the Proof of Service of Target, filed with the Superior Court of the State of California in and for the County of Kern on October 3, 2013.

23.    Attached hereto as Exhibit "D," is a copy of the Notice of Order to Show Cause, which was issued by the Superior Court of California in and for the County of Kern on September 13, 2013.

24.    Target is informed and believes that Exhibits "A," "B," "C" and "D" constitute all the process, pleadings and/or orders filed and received by Target in this action

//
//
//
//
//
//
//

70796

NOTICE OF REMOVAL

1

2

3        25.     On this or no later than the next business day, notice of this

removal is being given to both Plaintiff and to the Clerk of the Kern County

Superior Court.   True and correct copies of these notices are attached hereto as

Exhibits "E" and "F," respectively.   The proof of service of the Notice to Adverse

Party of Removal will be filed with this Court immediately after the Notice is

served on Plaintiff and the Superior Court filing is accomplished.

8

9   DATED: October 24, 2013          HODEL BRIGGS WINTER LLP
10                                     GLENN L. BRIGGS
                                       KYMBERLEIGH DAMRON-HSIAO
11

12

13                                     By: *Kymberleigh Damron-Hsiao*
14                                          KYMBERLEIGH DAMRON-HSIAO
15                                     Attorneys for Defendant
16                                     TARGET CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

70796

8

EXHIBIT "A"

# EXHIBIT "A"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Bononi; Christy Granieri          SBN:   130663; 266392 | |

**ENDORSED**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael Bononi; Christy Granieri          SBN:   130663; 266392
BONONI LAW GROUP, LLP
915 Wilshire Boulevard, Suite 1950, Los Angeles, CA 90017
TELEPHONE NO.: 213-553-9200          FAX NO.: 213-553-9215
ATTORNEY FOR (Name): Brian Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Ave
MAILING ADDRESS: 1415 Truxtun Ave
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metropolitan Division

CASE NAME: Brian Johnson v. Target Corporation, et al.

FOR COURT USE ONLY

FILED
KERN COUNTY
SEP 1 0 2013
TERRY McNALLY, CLERK
BY _____ DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: S-1500-CV-280040 SPC |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 9, 2013
Michael Bononi; Christy Granieri
(TYPE OR PRINT NAME)                    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
WestHaw Doc & Form Builder

09-25-13
4pm

ENDORSED

FILED
KERN COUNTY

SEP 1 0 2013

TERRY McNALLY, CLERK
BY_____DEPUTY

1   BONONI LAW GROUP, LLP
    Michael J. Bononi (State Bar No. 130663)
2   Christy W. Granieri (State Bar No. 266392)
    Nakkisa Akhavan (State Bar No. 286260)
3   915 Wilshire Boulevard, Suite 1950
    Los Angeles, California 90017
4   Telephone:   (213) 553-9200
    Facsimile:   (213) 553-9215
5   mbononi@bononilawgroup.com
    cgranieri@bononilawgroup.com
6   nakhavan@bononilawgroup.com

7   Attorneys for Plaintiff
    Brian Johnson
8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF KERN

11                                      S-1500-CV -280240      SPC
                                        Case No.
12   BRIAN JOHNSON, an individual,
                                        VERIFIED COMPLAINT FOR
13         Plaintiff,                   DAMAGES

     vs.
14                                      1.   DISABILITY DISCRIMINATION
     TARGET CORPORATION, a corporation; and
15   DOES 1 through 25, inclusive,      2.   FAILURE TO PREVENT
                                             DISCRIMINATION
16         Defendants.
                                        3.   FAILURE TO ENGAGE IN THE
17                                           INTERACTIVE PROCESS

18   CASE MANAGEMENT CONFERENCE:        4.   FAILURE TO REASONABLY
                                             ACCOMMODATE PHYSICAL
19   Hearing Date: 3-10-2014                 DISABILITY
     Time:         8:00AM
20                                      5.   RETALIATION FOR
     Department:   4                         REQUESTING REASONABLE
21   See CRC Rule 3.720 Et. Seq.             ACCOMMODATION

22                                      6.   WRONGFUL TERMINATION IN
                                             VIOLATION OF PUBLIC
23                                           POLICY

24                                      7.   DECLARATORY AND
25                                           INJUNCTIVE RELIEF–
                                             CALIFORNIA *CODE OF CIVIL
26                                           PROCEDURE* SECTION 1060;
                                             CALIFORNIA *GOVERNMENT
27                                           CODE* SECTIONS 12920 and
                                             12920.5, et seq.
28
                                        [DEMAND FOR JURY TRIAL]

                  VERIFIED COMPLAINT FOR DAMAGES

                                        BONONI LAW GROUP, LLP.

Plaintiff Brian Johnson alleges as follows on knowledge as to himself and his own acts, and on information and belief as to all other matters:

## PARTIES

1.  Plaintiff Brian Johnson ("Johnson"), an individual, was employed by Defendant Target Corporation ("Target"), at the Target Distribution Center located at 3880 Zachary Avenue, Shafter, CA 93263 ("Distribution Center"). Johnson is, and at all times mentioned herein was, a resident of the County of Kern, State of California.

2.  Defendant Target, is and at all times mentioned herein was, a corporation doing business in the County of Kern, State of California.

3.  Johnson is ignorant of the true names and capacities of Defendants sued herein as Does 1-25, inclusive, and therefore sues these Defendants by such fictitious names. Johnson will amend this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named Defendant shall include the Doe Defendants as well.

4.  Each business entity of Target and Doe Defendants 1-25, whether corporate, partnership, joint venture, unincorporated association, public entity, or other business entity of unknown form, and whether named or sued by fictitious name, is, and at all times mentioned herein was, in some manner involved in the ownership and/or operation of Target herein. Each of the individual defendants, whether named or sued by fictitious name, whether acting in an individual capacity or within or without their capacity as managerial agent, servant, employee, officer, director, partner, or joint venturer of each of the business entity of Defendants aforementioned, in committing the acts or omissions as alleged herein which resulted in damage to Johnson, is and at all times mentioned herein was also in some manner involved in the ownership and/or operation of Target, and in doing the things herein alleged was acting with the permission and consent and/or knowledge, authorization or ratification of each of the business entity Defendants mentioned above, unless otherwise stated herein.

///

## II.

## FACTUAL ALLEGATIONS

5.      Johnson started his employment with Target on August 21, 2005 as a Group Leader.

6.      As a Group Leader, Johnson's job duties and responsibilities included, but were not limited to, supervising and managing 35-45 employees who unloaded and processed products coming into the Distribution Center from Target's numerous vendors.

7.      Johnson always met or exceeded expectations in the performance of his job duties and received positive performance reviews.

8.      On February 28, 2013, Johnson injured his ankle. Johnson's doctor diagnosed him with "traumatic injury of ankle."

9.      Johnson's doctor placed him on medical leave from March 2, 2013 through May 5, 2013.

10.     Johnson provided Target with doctor's notes regarding his request for medical leave for his ankle.

11.     On March 18, 2013, Target and Hewitt LCG, Target's employee absence management company, approved Johnson for a paid medical leave of absence from March 18, 2013 through May 5, 2013.

12.     On April 23, 2013, Johnson received a Work Status Report from Kaiser Permanente. The Work Status Report restricted Johnson to modified activity at home and at work from May 6, 2013 until June 2, 2013.

13.     The April 23, 2013 Work Status Report released Johnson to work without any restrictions on June 3, 2013.

14.     The April 23, 2013 Work Status Report from Kaiser to Johnson is attached hereto as Exhibit "A," and by this reference incorporated herein.

15.     Johnson provided Target and Hewitt LCG with the April 23, 2013 Work Status Report from Kaiser.

16.     Target decided to extend Johnson's approved medical leave through June 3, 2013

VERIFIED COMPLAINT FOR DAMAGES

3

1 | so he could return to work without any restrictions.

2 |      17.     On May 31, 2013, Johnson spoke with his new supervisor, Scott Zanutto

3 | ("Zanutto"), a Senior Group Leader, and Denise Verdesoto ("Verdesoto"), a Human Resources

4 | Manager with Target, regarding his ankle injury and his scheduled return to work.

5 |      18.     During the May 31, 2013 telephone call with Zanutto and Verdesoto, Verdesoto

6 | told Johnson at least two (2) times he should resign his employment with Target.

7 |      19.     During the May 31, 2013 telephone call with Zanutto and Verdesoto, Verdesoto

8 | told Johnson that it would be easier on everyone if he resigned rather than wait to be terminated.

9 |      20.     During the May 31, 2013 telephone call with Zanutto and Verdesoto, Johnson

10 | repeatedly told Verdesoto and Zanutto he was not resigning his employment with Target.

11 |      21.     During the May 31, 2013 telephone call with Zanutto and Verdesoto, Johnson

12 | agreed to meet with Verdesoto on Tuesday, June 4, 2013 at the Distribution Center to further

13 | discuss his position and his return to work.

14 |      22.     On Tuesday, June 4, 2013, Verdesoto called Johnson and left him a voicemail

15 | message stating that she was out sick and they could not meet as scheduled.

16 |      23.     Later on June 4, 2013, Johnson called the Distribution Center and spoke with

17 | Lindy Keaveney ("Keaveney"), a Human Resources Business Partner.

18 |      24.     During the June 4, 2013 telephone call, Johnson told Keaveney he was not

19 | resigning his employment and would return to work on his next scheduled work day, June 8,

20 | 2013.

21 |      25.     On June 7, 2013, Johnson went to his primary care physician because he was

22 | experiencing severe anxiety related to his return to work. Johnson's physician put him on

23 | medical leave from June 8, 2013 through June 10, 2013.

24 |      26.     The June 7, 2013 Work Status Report from Kaiser to Johnson is attached hereto

25 | as Exhibit "B," and by this reference incorporated herein.

26 |      27.     On June 7, 2013, Johnson called and left voicemail messages for both Zanutto

27 | and Verdesoto.

28 |      28.     In the June 7, 2013 voicemail messages that Johnson left for Zanutto and

1  Verdesoto, Johnson told Zanutto and Verdesoto that his doctor had placed him on medical leave

2  and Johnson would submitted his doctor's note regarding the medical leave to Target and Hewitt

3  LCG.

4       29.    On June 7, 2013, Johnson called Target and Hewitt LCG and notified them that

5  his doctor had placed him on medical leave from June 8, 2013 through June 10, 2013. During

6  the phone call, Johnson opened a new claim for medical leave.

7       30.    On June 10, 2013, Target and Hewitt LCG sent Johnson a letter indicating that the

8  Target Leave and Disability Team had received his request for paid medical leave from June 8,

9  2013 through June 11, 2013.

10       31.    On June 12, 2013, Verdesoto called Johnson and left him a voicemail message

11  asking Johnson to call her back.

12       32.    On June 13, 2013 Johnson called Verdesoto back and left Verdesoto a voicemail

13  message telling her that he would return to work on Saturday, June 15, 2013, his next scheduled

14  work day.

15       33.    On Thursday, June 13, 2013, Johnson received a letter from Verdesoto dated June

16  12, 2013, which inaccurately states, "As you know on May 31, 2013 your resignation was

17  tenured and accepted effective June 4, 2013."

18       34.    A true and correct copy of Verdesoto's June 12, 2013 letter is attached hereto as

19  Exhibit "C" and by this reference incorporated herein.

20       35.    Johnson did not resign his employment with Target on May 31, 2013.

21       36.    The alleged reasons for Johnson's termination stated in Verdesoto's June 12,

22  2013 letter are pretextual. Johnson was terminated because he suffered from a disability, took

23  medical leave, and requested another brief medical leave.

24       37.    As a result of Targets's unlawful conduct as set forth in this Complaint, Johnson

25  has suffered and continues to suffer economic damages and other damages which will be proved

26  at the time of trial. Additionally, Johnson has been emotionally damaged by Target's

27  misconduct, including, but not limited to, the discriminatory acts described above against

28  Johnson because of his disability and request for medical leave.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

38.     Prior to the institution of this lawsuit, Johnson filed a compliant with the California Department of Fair Employment and Housing ("DFEH"), pursuant to Section 12900, *et seq.* Of the California *Government Code*, alleging that the acts described in the complaint violated the California Fair Employment and Housing Act, California *Government Code* Sections 12940, *et seq.* ("FEHA"). On August 23, 2013, the DFEH issued a "right to sue" letter, a true and correct copy of which is attached hereto, marked as Exhibit "D," and by this reference incorporated herein. All conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within one (1) year of the date that the DFEH issued its right to sue letter.

## IV.

## FIRST CAUSE OF ACTION

### Unlawful Discrimination Based Upon Disability in Violation of the California Fair Employment and Housing Act—*Government Code* 12940, et seq.

### (Against Defendant Target and Does 1-25)

39.     Johnson alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully alleged herein.

40.     Defendant Target and Does 1-25 are subject to the laws of the State of California and are entities subject to suit under FEHA for discrimination, because they regularly employ five (5) or more persons in the state of California.

41.     At all relevant times Johnson was an employee of Target who suffered from a disability, history of disability, and/or perceived disability. Johnson's disability was protected under FEHA because it limited a major life activity, including, but not limited to, Johnson's physical activities and his ability to work.

42.     Defendants, and each of them, violated FEHA and discriminated against Johnson on the basis of his disability by their conduct and/or by authorizing and/or ratifying the conduct of others, which included, but was not limited to, the following: (a) failing to allow Johnson to return to work from a medical leave; (b) failing to provide Johnson with a requested brief

1   medical leave; (c) terminating Johnson's employment; and (d) by other conduct alleged above.

2       43.     Johnson was subjected to a pattern of disability discrimination by Target and/or

3   Does 1-25. The pattern and course of disability discrimination to which Johnson was subjected

4   violated FEHA. By reason of the foregoing, Defendants, and each of them, have committed

5   unlawful employment practices which violate FEHA.

6       44.     As a proximate result of the conduct of Defendants, and each of them, Johnson

7   has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

8   benefits and other pecuniary loss according to proof. Johnson also has suffered and will continue

9   to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious, severe

10  emotional distress. The amount of Johnson's damages will be ascertained at trial.

11      45.     In committing the foregoing acts, Defendants Target and/or Does 1-25 have been

12  guilty of oppression, fraud, or malice under California *Civil Code* Section 3294, thereby entitling

13  Johnson to punitive damages in a sum appropriate to punish and make an example out of each of

14  the foregoing Defendants.

15      46.     Target's and Does 1-25's acts as alleged above were carried out by its employees,

16  managing agents, officers, and directors, and/or were directed or ratified by Target's and Does 1-

17  25's managing agents, officers, and/or directors with a conscious disregard of Johnson's rights

18  with the intent to vex, injure, and annoy Johnson, such as to constitute oppression, fraud, or

19  malice under California *Civil Code* Section 3294, entitling Johnson to punitive damages in a sum

20  appropriate to punish and make an example of Target.

21      47.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by

22  the prevailing party in an action brought under its provisions. Johnson has employed and will

23  continue to employ attorneys for the initiation and prosecution of this action. Johnson has

24  incurred and will continue to incur attorneys' fees and costs herein. Johnson is entitled to an

25  award of attorneys' fees and costs under California *Government Code* Section 12965(b).

26      48.     Johnson has been generally damaged in an amount within the jurisdictional limits

27  of this Court.

28  ///

V.

## SECOND CAUSE OF ACTION

**Failure to Prevent Discrimination in Violation of the California Fair Employment and**

**Housing Act—*Government Code* Section 12940, et seq.**

**(Against Defendants Target and Does 1-25)**

49.     Johnson alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully alleged herein.

50.     Defendants Target and Does 1-25 are subject to the laws of the State of California and are entities subject to suit under FEHA, because they regularly employ five (5) or more persons in the state of California.

51.     At all relevant times, Johnson was an employee of Target who suffered from a disability, history of disability, and/or perceived disability. Johnson's disability was protected under FEHA because it substantially limited a major life activity, including but not limited to, physical activities and his ability to work.

52.     While Defendants Target and Does 1-25 purport to have an anti-discrimination policy, in practice, Defendants pay lip service to the policy and the requirements of California law to prevent illegal discrimination.

53.     Defendant Target and/or Does 1-25, violated California *Government Code* Section 12940(k) by acts which included, without limitation, (a) failing to allow Johnson to return to work from a medical leave; (b) failing to provide Johnson with a requested brief medical leave; (c) terminating Johnson's employment; and (d) by other conduct alleged above.

54.     As a proximate result of the conduct of Defendants, and each of them, Johnson has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits and other pecuniary loss according to proof. Johnson also has suffered and will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious, severe emotional distress. The amount of Johnson's damages will be ascertained at trial.

55.     In committing the foregoing acts, Defendants Target and/or Does 1-25 have been guilty of oppression, fraud, or malice under California *Civil Code* Section 3294, thereby entitling

1    Johnson to punitive damages in a sum appropriate to punish and make an example out of each of

2    the foregoing Defendants.

3          56.    Target's and Does 1-25's acts as alleged above were carried out by its employees,

4    managing agents, officers, and directors, and/or were directed or ratified by Target's and Does 1-

5    25's managing agents, officers, and/or directors with a conscious disregard of Johnson's rights

6    with the intent to vex, injure, and annoy Johnson, such as to constitute oppression, fraud, or

7    malice under California *Civil Code* Section 3294, entitling Johnson to punitive damages in a sum

8    appropriate to punish and make an example of Target.

9          57.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by

10   the prevailing party in an action brought under its provisions.  Johnson has employed and will

11   continue to employ attorneys for the initiation and prosecution of this action.  Johnson has

12   incurred and will continue to incur attorneys' fees and costs herein.  Johnson is entitled to an

13   award of attorneys' fees and costs under California *Government Code* Section 12965(b).

14         58.    Johnson has been generally damaged in an amount within the jurisdictional limits

15   of this Court.

16                                              **VI.**

17                               **THIRD CAUSE OF ACTION**

18            **Failure to Engage in the Interactive Process in Violation of the California Fair**

19              **Employment and Housing Act—*Government Code* Section 12940, et seq.**

20                        **(Against Defendants Target and Does 1-25)**

21         59.    Johnson alleges and incorporates by reference all preceding paragraphs of this

22   Complaint as if fully alleged herein.

23         60.    Defendants Target and Does 1-25 are subject to the laws of the State of California

24   and are entities subject to suit under FEHA, because they regularly employ five (5) or more

25   persons in the state of California.

26         61.    At all relevant times, Johnson was an employee of Target who suffered from a

27   disability, history of disability, and/or perceived disability.  Johnson's disability was protected

28   under FEHA because it substantially limited a major life activity, including but not limited to,

---

1    physical activities and his ability to work.

2        62.    Defendants Target and/or Does 1-25 failed to engage in a timely, good faith

3    interactive process with Johnson to determine an appropriate accommodation and did not

4    provide reasonable accommodations for his disability, history of disability and/or perceived

5    disability.

6        63.    Defendants repeatedly told Johnson to resign while he was on approved medical

7    leave, refused to provide Johnson with a brief medical leave, and terminated Johnson's

8    employment.

9        64.    By refusing to allow Johnson to return to work and instead terminating him for

10   pretextual reasons, Defendants, and each of them, failed to engage in the good faith interactive

11   process required by *Government Code* Section 12940(n).

12       65.    As a proximate result of the conduct of Defendants, and each of them, Johnson

13   has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

14   benefits, and other pecuniary losses according to proof. Johnson also has suffered and will

15   continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious,

16   severe emotional distress. The amount of Johnson's damages will be ascertained at trial.

17       66.    In committing the foregoing acts, Defendants Target and/or Does 1-25 have been

18   guilty of oppression, fraud, or malice under California *Civil Code* Section 3294, thereby entitling

19   Johnson to punitive damages in a sum appropriate to punish and make an example out of each of

20   the foregoing Defendants.

21       67.    Target's and Does 1-25's acts as alleged above were carried out by its employees,

22   managing agents, officers, and directors, and/or were directed or ratified by Target's and Does 1-

23   25's managing agents, officers, and/or directors with a conscious disregard of Johnson's rights

24   with the intent to vex, injure, and annoy Johnson, such as to constitute oppression, fraud, or

25   malice under California *Civil Code* Section 3294, entitling Johnson to punitive damages in a sum

26   appropriate to punish and make an example of Target.

27       68.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by

28   the prevailing party in an action brought under its provisions. Johnson has employed and will

1    continue to employ attorneys for the initiation and prosecution of this action. Johnson has

2    incurred and will continue to incur attorneys' fees and costs herein. Johnson is entitled to an

3    award of attorneys' fees and costs under California *Government Code* Section 12965(b).

4        69.    Johnson has been generally damaged in an amount within the jurisdictional limits

5    of this Court.

6    **VII.**

7    **FOURTH CAUSE OF ACTION**

8    **Failure to Reasonably Accommodate A Disability in Violation of the California Fair**

9    **Employment and Housing Act—*Government Code* Section 12940, et seq.**

10    **(Against Defendants Target and Does 1-25)**

11        70.    Johnson alleges and incorporates by reference all preceding paragraphs of this

12    Complaint as if fully alleged herein.

13        71.    Defendants Target and Does 1-25 are subject to the laws of the State of California

14    and are entities subject to suit under FEHA, because they regularly employ five (5) or more

15    persons in the State of California.

16        72.    At all relevant times Johnson was an employee of Target who suffered from a

17    disability, history of disability, and/or perceived disability. Johnson's disability was protected

18    under FEHA because it limited a major life activity, including, but not limited to, physical

19    activities and his ability to work.

20        73.    Johnson could have performed the essential functions of his position with a

21    reasonable accommodation.

22        74.    Johnson notified Target of his disability. Target refused to reasonably

23    accommodate Johnson's disability, history of disability, and/or perceived disability. Johnson's

24    refusal to accommodate included, without limitation: (a) Target's failure to engage in a good

25    faith and meaningful effort to interact with Johnson regarding his disability; (b) failing to

26    provide Johnson with reasonable medical leave for his disability; (c) terminating Johnson's

27    employment; and (d) by other conduct alleged above.

28        75.    Target and Does 1-25 violated California *Government Code* Section 12940(m) by

1  failing and refusing to provide Johnson with a reasonable accommodation for his known

2  disability, history of disability, and/or perceived disability.

3      76.    As a proximate result of the conduct of Defendants, and each of them, Johnson

4  has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

5  benefits, and other pecuniary losses according to proof. Johnson also has suffered and will

6  continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious,

7  severe emotional distress. The amount of Johnson's damages will be ascertained at trial.

8      77.    In committing the foregoing acts, Defendants Target and/or Does 1-25 have been

9  guilty of oppression, fraud, or malice under California *Civil Code* Section 3294, thereby entitling

10 Johnson to punitive damages in a sum appropriate to punish and make an example out of each of

11 the foregoing Defendants.

12     78.    Target's and Does 1-25's acts as alleged above were carried out by its employees,

13 managing agents, officers, and directors, and/or were directed or ratified by Target's and Does 1-

14 25's managing agents, officers, and/or directors with a conscious disregard of Johnson's rights

15 with the intent to vex, injure, and annoy Johnson, such as to constitute oppression, fraud, or

16 malice under California *Civil Code* Section 3294, entitling Johnson to punitive damages in a sum

17 appropriate to punish and make an example of Target.

18     79.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by

19 the prevailing party in an action brought under its provisions. Johnson has employed and will

20 continue to employ attorneys for the initiation and prosecution of this action. Johnson has

21 incurred and will continue to incur attorneys' fees and costs herein. Johnson is entitled to an

22 award of attorneys' fees and costs under California *Government Code* Section 12965(b).

23     80.    Johnson has been generally damaged in an amount within the jurisdictional limits

24 of this Court.

25 ///

26 ///

27 ///

28 ///

## VIII.

## FIFTH CAUSE OF ACTION

**Retaliation for Requesting Reasonable Accommodation in Violation of the California Fair Employment and Housing Act—*Government Code* Section 12940, et seq.**

**(Against Defendants Target and Does 1-25)**

81.     Johnson alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully alleged herein.

82.     Defendants Target and Does 1-25 are subject to the laws of the State of California and are entities subject to suit under FEHA, because they regularly employ five (5) or more persons in the State of California.

83.     On March 2, 2013, Johnson exercised his rights under FEHA and requested a medical leave as a reasonable accommodation for his disability.

84.     On June 8, 2013 Johnson exercised his rights under FEHA and requested a brief medical leave as a reasonable accommodation for his disability.

85.     Defendants, and each of them, violated FEHA and retaliated against Johnson because he exercised his rights under FEHA by taking medical leave. Defendants violated FEHA and retaliated against Johnson because he requested a reasonable accommodation of a brief medical leave.

86.     Defendants violated FEHA and retaliated against Johnson by their conduct and/or by authorizing and/or ratifying the conduct of others, which included, but was limited to, the following: (a) refusing to allow Johnson to return to work after his approved medical leave; (b) failing to provide Johnson with his requested brief medical leave; (c) terminating Johnson's employment; and (d) by the other conduct alleged above.

87.     As a proximate result of the conduct of Defendants, and each of them, Johnson has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary losses according to proof. Johnson also has suffered and will continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious, severe emotional distress. The amount of Johnson's damages will be ascertained at trial.

88.     In committing the foregoing acts, Defendants Target and/or Does 1-25 have been guilty of oppression, fraud, or malice under California *Civil Code* Section 3294, thereby entitling Johnson to punitive damages in a sum appropriate to punish and make an example out of each of the foregoing Defendants.

89.     Target's and Does 1-25's acts as alleged above were carried out by its employees, managing agents, officers, and directors, and/or were directed or ratified by Target's and Does 1-25's managing agents, officers, and/or directors with a conscious disregard of Johnson's rights with the intent to vex, injure, and annoy Johnson, such as to constitute oppression, fraud, or malice under California *Civil Code* Section 3294, entitling Johnson to punitive damages in a sum appropriate to punish and make an example of Target.

90.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by the prevailing party in an action brought under its provisions.  Johnson has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Johnson has incurred and will continue to incur attorneys' fees and costs herein.  Johnson is entitled to an award of attorneys' fees and costs under California *Government Code* Section 12965(b).

91.     Johnson has been generally damaged in an amount within the jurisdictional limits of this Court.

### IX.

### SIXTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(Against Defendants Target and Does 1-25)**

92.     Johnson alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully alleged herein.

93.     Johnson was terminated by Defendants Target and/or Does 1-25 because he suffered from a disability, history of disability, and/or perceived disability.

94.     Johnson was terminated by Defendants because he took medical leave for a known disability.

95.     Johnson was terminated by Defendants Target and/or Does 1-25 because he

1 │ requested medical leave for his known disability.

2 │     96.    As a result, Defendants terminated Johnson in violation of the public policy set

3 │ forth in FEHA, California *Government Code*, et seq., which prohibits discrimination against

4 │ employees based on a disability, for taking medical leave, or for requesting medical leave.

5 │     97.    As a proximate result of the conduct of Defendants, and each of them, Johnson

6 │ has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost

7 │ benefits, and other pecuniary losses according to proof. Johnson also has suffered and will

8 │ continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and serious,

9 │ severe emotional distress. The amount of Johnson's damages will be ascertained at trial.

10 │     98.    In committing the foregoing acts, Defendants Target and/or Does 1-25 have been

11 │ guilty of oppression, fraud, or malice under California *Civil Code* Section 3294, thereby entitling

12 │ Johnson to punitive damages in a sum appropriate to punish and make an example out of each of

13 │ the foregoing Defendants.

14 │     99.    Target's and Does 1-25's acts as alleged above were carried out by its employees,

15 │ managing agents, officers, and directors, and/or were directed or ratified by Target's and Does 1-

16 │ 25's managing agents, officers, and/or directors with a conscious disregard of Johnson's rights

17 │ with the intent to vex, injure, and annoy Johnson, such as to constitute oppression, fraud, or

18 │ malice under California *Civil Code* Section 3294, entitling Johnson to punitive damages in a sum

19 │ appropriate to punish and make an example of Target.

20 │     100.    Johnson has been generally damaged in an amount within the jurisdictional limits

21 │ of this Court.

## X.

### SEVENTH CAUSE OF ACTION

**Declaratory and Injunctive Relief, California *Code of Civil Procedure* Section 1060;**

**California *Government Code* Sections 12920 and 12920 .5, et seq.**

**(Against Defendants Target and Does 1-25)**

27 │     101.    Johnson alleges and incorporates by reference all preceding paragraphs of this

28 │ Complaint as if fully alleged herein.

102.     An actual controversy exists between Johnson and Defendants Target and Does 1-25, concerning whether Defendants, and each of them, violated Johnson's rights under the California Fair Employment and Housing act, as alleged in the First, Second, Third, Fourth, and Fifth Causes of Action in this Verified Complaint. Johnson seeks a finding from the Court that Defendants' adverse employment actions were substantially motivated by unlawful discrimination, and/or retaliation regardless of whether Defendants prove that they would have made the same employment decisions concerning Johnson even if discrimination and/or retaliation was not a substantial motivating factor for their adverse employment actions concerning Johnson.  Johnson seeks an order from the Court condemning Defendants' discriminatory and retaliatory employment policies or practices, as provided by California *Code of Civil Procedure* Section 1060.

103.     In addition, upon a finding of unlawful discrimination and/or retaliation, Johnson requests that the Court grant injunctive relief to stop the discriminatory and retaliatory practices which violate FEHA as provided for in California *Government Code* Sections 12920 and 12920.5, and the California Supreme Court's decisions in *Harris v. City of Santa Monica*, 56 Cal.4th 203, 234-35 (2013) and *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 131-32 (1999).

104.     Under FEHA, "in order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons." California *Government Code* Section 12920.5.

105.     One of the stated purposes of FEHA is "to provide effective remedies which will eliminate" employment discrimination.  Government *Code Section* 12920.

106.     FEHA authorizes a Court to grant injunctive relief and prospective relief including, but not limited to cease and desist orders, posting of notices, training of personnel and other similar relief that is intended to correct unlawful employment practices. California *Government Code* Section 12926(a).

107.     Upon a determination that unlawful discrimination and retaliation was a

VERIFIED COMPLAINT FOR DAMAGES

16

1  substantial motivating factor in any employment decision concerning Johnson, Johnson requests

2  this Court to enter an order enjoining Defendants from engaging in those practices, requiring the

3  posting of notices containing employees rights and detailing Defendants' violations of FEHA,

4  requiring Defendants to effectively train their personnel in FEHA's proscriptions against

5  discrimination and retaliation, and requiring Defendants to make periodic reports to the Court to

6  ensure compliance by Defendants, and each of them, with their obligations under FEHA.

7       108.    Pursuant to *Government Code* Section 12965, subdivision b, Johnson seeks an

8  award from the court of reasonable attorneys fees and costs incurred in obtaining the declaratory

9  and injunctive relief.

10      WHEREFORE, Johnson prays for judgment as set forth below.

11                              **PRAYER**

12                      As to All Causes of Action

13      1.    For general damages, according to proof, on each cause of action for which such

14  damages are available;

15      2.    For special damages, according to proof, on each cause of action for which such

16  damages are available;

17      3.    For punitive damages, according to proof, for each cause of action for which such

18  damages are available;

19      4.    For pre-judgment and post-judgment interest according to law;

20      5.    For reasonable attorneys' fees incurred in this action on those causes of action for

21  which such fees are recoverable under the applicable law;

22      6.    For costs of suit incurred in this action;

23      7.    For such other and further relief as the Court deems just and proper;

24          As to the Seventh Cause of Action For Declaratory and Injunctive Relief

25      8.    For a declaration from this Court condemning Defendants' discriminatory and

26  retaliatory policies or practices, as provided by California *Code of Civil Procedure* Section 1060.

27      9.    For an injunction enjoining Defendants from engaging in unlawful employment

28  practices, requiring the posting of notices containing employee rights and detailing Defendants

---

VERIFIED COMPLAINT FOR DAMAGES

BONONI LAW GROUP, LLP.

1  violations of FEHA, requiring Defendants to effectively train their personnel in FEHA's

2  proscriptions against discrimination and retaliation, and requiring Defendants to make periodic

3  reports to the court.

4      10.    For an award of reasonable attorneys' fees and costs pursuant to *Government*

5  *Code* Section 12965(b).

6

7

8  Dated: September 9, 2013                    BONONI LAW GROUP, LLP

9

10                                   By:    _____

11                                          Michael J. Bononi
                                            Christy W. Granieri
12                                          Nakkisa Akhavan
                                            Attorneys for Plaintiff
13                                          Brian Johnson

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2      Plaintiff Brian Johnson hereby demands a trial by jury on all causes of action alleged

3  herein in the Verified Complaint for Damages.

4

5  Dated: September 9, 2013                    BONONI LAW GROUP, LLP

6

7                                             By: _____

8                                                 Michael J. Bononi
                                                  Christy W. Granieri
9                                                 Nakkisa Akhavan
                                                  Attorneys for Plaintiff
10                                                Brian Johnson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION

2    I have read the foregoing Verified Complaint for Damage and Demand for Jury Trial and

3    know its contents.

4    I am a party to this action. The matters stated in the Verified Complaint for Damage and

5    Demand for Jury Trial are true of my own knowledge, expect as to those matters which are

6    stated on information and belief, and as to those matters, I believe them to be true.

7

8    Executed this 9th day of September, 2013 at Bakersfield, California.

9

10    I declare under penalty of perjury under the laws of the State of California and under the

11    laws of the United States of America that the foregoing is true and correct.

12

13

14                                                    Brian Johnson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR DAMAGES

20

BONONI LAW GROUP, LLP.

Exhibit "A"

# KAISER PERMANENTE. thrive

**This form contains your diagnosis.**

MCJANNET, ELIZABETH JANE (N.P.)
2531 Chester Ave
Bakersfield CA 93301-2012
661-328-9831

**Patient Name:** Johnson,Brian
**Encounter Date & Time:** 4/23/2013 10:30 AM

Please see below for this health care provider's directives and information relating to this encounter.

## Work Status Report

**Date onset of condition:** 2/28/2013
**Next Appointment Date:**

**DIAGNOSIS:** TRAUMATIC INJURY OF ANKLE

**Modified Activity (Applies to work and home)**
This patient is placed on modified activity at work and at home from 5/6/2013 through 6/2/2013.

*If modified activity is not accommodated by the employer then this patient is considered temporarily and totally disabled from their regular work for the designated time and a separate off work order is not required.*

**This patient's activity is modified as follows:**
- Stand: Occasionally (up to 25% of shift).
- Walk: Occasionally (up to 25% of shift).
- Squat/kneel, knee bending: Not at all.
- Climb ladders: Not at all.
- Use of scaffolds/work at height: Not at all.
- Lift/carry/push/pull no more than 10 pounds.

**Full Duty:**
The patient was evaluated and deemed able to return to work at full capacity on 6/3/2013

This form has been electronically signed and authorized by MCJANNET, ELIZABETH JANE (N.P.)

*This form contains your private health information that you may choose to release to another party, therefore please review for accuracy.*

Printed By: MCJANNET, ELIZABETH on 4/23/2013 at 10:32:03 AM

Exhibit "B"

Kaiser Permanente

# KAISER PERMANENTE® thrive

**This form contains your diagnosis.**

TUN, KYAW (M.D.)
8800 Ming Avenue
Bakersfield CA 93311-1308
877-524-7373

**Patient Name:** Johnson,Brian
**Encounter Date & Time:** 6/7/2013 10:40 AM

Please see below for this health care provider's directives and information relating to this encounter.

## Work Status Report

**Date onset of condition:** 2/4/2013
**Next Appointment Date:**

**DIAGNOSIS:** PANIC DISORDER, ACUTE STRESS DISORDER
**Reason for Off Work:** Uncontrolled Symptoms

**Off Work**
This patient is placed off work from 6/8/2013 through 6/10/2013

**Full Duty:**
The patient was evaluated and deemed able to return to work at full capacity on 6/11/2013

This form has been electronically signed and authorized by TUN, KYAW (M.D.)

*This form contains your private health information that you may choose to release to another party, therefore please review for accuracy.*

Exhibit "C"



Denise Verdesoto
3880 Zachary Ave
Shafter, CA 93263
June 12, 2013

Brian Johnson
3501 Actis St.
Bakersfield, CA 93309

Dear Brian:

As you know on May 31, 2013 your resignation was tenured and accepted effective June 4, 2013.

Upon receiving this letter, please contact me at 661-396-6152 in order to make arrangements for the return of Target's property.

Sincerely,

Denise Verdesoto
Human Resources Manager

3880 Zachary Ave., Shafter CA 93263

Exhibit "D"



STATE OF CALIFORNIA | Department of Fair Employment and Housing                           EMPLOYMENT RIGHT TO SUE

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
155897-65733

COMPLAINANT
Brian Johnson

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| RESPONDENT | ADDRESS | PHONE |
|---|---|---|
| Target Corporation, | 3880 Zachary Ave  Shafter CA 93263 | |

| AGENT FOR SERVICE | ADDRESS | PHONE |
|---|---|---|
| , CT Corporation System | 818 W. Seventh Street  Los Angeles CA 90017 | |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| 100 | Jun 13, 2013 | Private Employer |

| CO-RESPONDENT(S) | | ADDRESS |
|---|---|---|



STATE OF CALIFORNIA I Department of Fair Employment and Housing                                                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
155897-65733

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Retaliation |
| ON OR BEFORE | Jun 13, 2013 |
| BECAUSE OF MY | Disability, Engagement in Protected Activity, Family Care or Medical Leave |
| AS A RESULT, I WAS | Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied family care or medical leave, Denied reasonable accommodation, Terminated |

STATEMENT OF FACTS

Brian Johnson ["Mr. Johnson"] was employed by Target Corporation ["Target"] as a Group Leader from August 21, 2005 until his termination on June 12, 2013. Mr. Johnson suffered from a disability that limited one or more major life activities. From March 2, 2013 through June 2, 2013, Mr. Johnson was on an approved medical leave. Mr. Johnson subsequently requested another brief medical leave from June 8, 2013 through June 11, 2013. Mr. Johnson provided Target with doctor's notes for this medical leave. At no point in time did Target engage in an interactive process with Mr. Johnson to determine what reasonable accommodations could be offered to accommodate Mr. Johnson's known disability. On June 12, 2013, Target terminated Mr. Johnson's employment. The reasons given for Mr. Johnson's termination were pretext. Mr. Johnson was terminated because he suffered from a disability, history of disability, and/or perceived disability. Mr. Johnson was terminated because he took a medical leave. Mr. Johnson was terminated because he requested another brief medical leave.



STATE OF CALIFORNIA | Department of Fair Employment and Housing                    EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
155897-65733

SIGNED UNDER PENALTY OF PERJURY

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

Verified by Christy W. Granieri, Esq., Attorney for Complainant, and dated on Aug 23, 2013 at Los Angeles



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN, JR.
DIRECTOR PHYLLIS W. CHENG

Aug 23, 2013

Brian Johnson
c/o Bononi Law Group, LLP 915 Wilshire Blvd., Suite 1950
Los Angeles, CA 90017

RE: **Notice of Case Closure and Right to Sue**
　　DFEH Matter Number: 155897-65733
　　Right to Sue: Johnson / Target Corporation,

Dear Brian Johnson:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Aug 23, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc:　,　Agent for Service for Target Corporation

EXHIBIT "B"

# EXHIBIT "B"

09-25-13
4pm

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** TARGET CORPORATION, a corporation; and DOES
*(AVISO AL DEMANDADO):* 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** BRIAN JOHNSON, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENDORSED
SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

SEP 1 3 2013

TERRY McNALLY, CLERK
BY _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:                        CASE NUMBER:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Kern          **S-1500-CV-280240 SPC**
1415 Truxtun Ave
Bakersfield, California 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BONONI LAW GROUP, LLP
915 Wilshire Boulevard, Suite 1950, Los Angeles, CA 90017          **M SIMMER**  213-553-9200

DATE:  **SEP 1 3 2013**   **TERRY McNALLY**   Clerk, by _____ , Deputy
*(Fecha)*                                     *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify): Michael Bononi; Christy Granieri
3. [✓] on behalf of (specify): TARGET CORPORATION, A CORPORATION

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Page 1 of 1

EXHIBIT "C"

# EXHIBIT "C"

13777
5.00
AH

1   BONONI LAW GROUP, LLP
      Michael J. Bononi (State Bar No. 130663)
2     Christy W. Granieri (State Bar No. 266392)
      Nakkisa Akhavan (State Bar No. 286260)
3   915 Wilshire Boulevard, Suite 1950
    Los Angeles, California 90017
4   Telephone:     (213) 553-9200
    Facsimile:     (213) 553-9215
5   mbononi@bononilawgroup.com
    cgranieri@bononilawgoup.com
6   nakhavan@bononilawgroup.com

7   Attorneys for Plaintiff
    Brian Johnson

8

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN
ELECTRONICALLY RECEIVED
BY SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN, ON
OCT - 03 2013
TERRY McNALLY, CLERK
BY_____ DEPUTY

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF KERN

11

12   BRIAN JOHNSON, an individual,          )   Case No. S-1500-CV-280240 SPC
                                            )
13          Plaintiff,                      )   [Assigned for All Purposes to the Hon.
                                            )   Sidney P. Chapin; Dept. 4]
14          vs.                             )
                                            )   PROOF OF SERVICE OF SUMMONS:
15   TARGET CORPORATION, a corporation; and )   COMPLAINT (VERIFIED);
     DOES 1 through 25, inclusive,          )   ALTERNATIVE DISPUTE
16                                          )   RESOLUTION (ADR) PACKAGE;
            Defendants.                     )   CIVIL CASE COVER SHEET; NOTICE
17                                          )   OF ORDER TO SHOW CAUSE -
                                            )   TARGET CORPORATION, a
18                                          )   corporation
                                            )
19                                          )
                                            )   Complaint Filed:     September 13, 2013
20                                          )   Trial Date:          None
     _____    )
21

22

23

24

25

26

27

28

_____

PROOF OF SERVICE OF SUMMONS: COMPLAINT (VERIFIED); ADR PACKAGE; ETC... - TARGET CORPORATION, a
                                        corporation

                                                                 BONONI LAW GROUP, LLP.

FILED BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*name and Address*)<br>MICHAEL J. BONONI  (SBN 130663)<br>CHRISTY W. GRANIERI  (SBN 266392)<br>NAKKISA AKHAVAN  (SBN 286260)<br>BONONI LAW GROUP, LLP<br>915 WILSHIRE BLVD., SUITE 1950<br>LOS ANGELES, CA  90017 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (213) 553-9200       FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*) :<br>ATTORNEY FOR (*Name*): PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN<br>STREET ADDRESS: 1415 TRUXTUN AVENUE<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: BAKERSFIELD 93301<br>BRANCH NAME: | |
|---|---|

| PLAINTIFF/PETITIONER: BRIAN JOHNSON, ET AL.<br><br>DEFENDANT/RESPONDENT: TARGET CORPORATION, ET AL. | CASE NUMBER: S-1500-CV-280240<br>SPC |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 874892 MV |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of :
   - a. ☒  Summons
   - b. ☒  Complaint  (VERIFIED)
   - c ☒  Alternative Dispute Resolution (ADR) package
   - d ☒  Civil Case Cover Sheet (*served in complex cases only*)
   - e ☐  cross-complaint
   - f. ☒  other (*specify documents*): NOTICE OF ORDER TO SHOW CAUSE

3. a. Party served: (*specify name of party as shown on documents served*):
      TARGET CORPORATION, A CORPORATION
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)(*specify name and relationship to the party named in item 3a*):
      MARGARET WILSON, CLERK FOR CT CORPORATION (REGISTERED AGENT FOR SERVICE OF PROCESS)

4. Address where the party was served: 818 W. 7TH ST., 2ND FL.
      LOS ANGELES, CA  90017

5. I served the party (*check proper box*)
   - a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (*date*): SEPTEMBER 25, 2013  (2) at: (*time*) 4:00 PM

   - b. ☐ by substituted service. On (*date*):                    at: (*time*)            . I left the documents listed in item 2 with or in the presence of (*name and title or relationship to the person indicated in item 3*):
      - (1) ☐   (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      - (2) ☐   (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      - (3) ☐   (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      - (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (*date*):            (*city*):            or ☐ a declaration of mailing is attached.
      - (5) ☐   I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLANTIFF/PETITIONER: BRIAN JOHNSON, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGET CORPORATION, ET AL. | S-1500-CV-280240 SPC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):        (1) (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):

    ☐    Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant

    b. ☐ as the person sued under the fictitious name of (specify):

    c. ☒ on behalf of (specify): TARGET CORPORATION, A CORPORATION

        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a.  Name: MATTHEW BRANCALE

    b.  Address: 800 W. 1ST STREET, SUITE 200-B
          LOS ANGELES, CALIFORNIA 90012

    c.  Telephone number: (213) 607-9000

    d.  The fee for service was: $

    e.  I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☒ registered California process server:

            (i) ☐ owner  ☐ Employee  ☒ independent contractor.

            (ii) ☒ Registration No.:6886

            (iii) ☒ County: LOS ANGELES

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: SEPTEMBER 25, 2013

MATTHEW BRANCALE

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)          (SIGNATURE)

Page 2 of 2

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Bononi Law Group, LLP., 915 Wilshire Blvd., Suite 1950, Los Angeles, California, 90017.

On October 3, 2013, I served the foregoing document described as **PROOF OF SERVICE OF SUMMONS: COMPLAINT (VERIFIED); ALTERNATIVE DISPUTE RESOLUTION (ADR) PACKAGE; CIVIL CASE COVER SHEET; NOTICE OF ORDER TO SHOW CAUSE - TARGET CORPORATION, a corporation** on the interested parties in this action by placing __ the original _X_ a true copy thereof enclosed in a sealed envelope addressed as follows:

> Margaret Wilson, Clerk for CT Corporation
> Registered Agent for Service of Process
> 818 W. 7th St., 2nd Floor
> Los Angeles, CA 90017

_X_   **BY MAIL.** I am employed in the office of a member of the bar of this court at whose direction the service was made, and I am readily familiar with the firm's practice of collection and processing correspondence for mailing. This practice is as follows: in the ordinary course of business, items to be mailed are collected and deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California. The aforementioned envelope was placed for collection and mailing on this date under said practice.

___   **BY OVERNIGHT DELIVERY SERVICE.** I placed said envelope in an envelope designated by Federal Express with delivery fees paid and provided for, addressed to the addressee(s) indicated above, and placed said envelope in a box regularly maintained by Federal Express.

___   **BY HAND DELIVERY.** I caused such envelope to be delivered by hand to the offices of the addressee(s).

___   **BY PERSONAL SERVICE.**

___   **BY FACSIMILE.** I caused the foregoing document to be transmitted via facsimile transmission telephonically to the offices of the addressee(s). I also caused said document to be enclosed in a sealed envelope and sent to the addressee(s) by mail, as stated above.

Executed on October 3, 2013 at Los Angeles, California.

_X_   **(State)**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Fallon S. Forte
Type or Print Name

Signature

PROOF OF SERVICE

BONONI LAW GROUP, LLP.

EXHIBIT "D"

# EXHIBIT "D"



**SUPERIOR COURT OF CALIFORNIA**
METROPOLITAN DIVISION
1415 TRUXTUN AVENUE, BAKERSFIELD, CA  93301

FOR COURT USE ONLY

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

SEP 1 8 2013

TERRY McNALLY, CLERK
BY _____ DEPUTY

**PLAINTIFF**
BRIAN JOHNSON


**DEFENDANT**
TARGET CORPORATION, A CORPORATION

CASE NUMBER: S-1500-CV-280240, SPC

NOTICE OF ORDER TO SHOW CAUSE
RE: CALIFORNIA RULES OF COURT, RULE 3.110

## TO PLAINTIFF AND PLAINTIFF'S COUNSEL:

<u>YOU ARE ORDERED TO APPEAR</u> ON  <u>Jan 06, 2014</u> AT  <u>8:30 AM</u>  IN <u>DEPARTMENT 4</u> OF THE ABOVE ENTITLED COURT TO GIVE ANY LEGAL REASON WHY SANCTIONS SHALL NOT BE IMPOSED FOR FAILURE TO SERVE THE COMPLAINT ON ALL NAMED DEFENDANTS AND FILE PROOF(S) OF SERVICE WITH THE COURT WITHIN SIXTY (60) DAYS AFTER THE FILING OF THE COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110.  ALL APPEARANCES ARE MANDATORY, UNLESS FIVE (5) COURT DAYS PRIOR TO HEARING DATE THE COURT HAS RECEIVED THE REQUIRED PROOF(S) OF SERVICE, THEN NO APPEARANCE IS NECESSARY.

**TERRY McNALLY**
Clerk of the Superior Court

DATE: Friday, September 13, 2013

By _____ Deputy
MARISSA M SIMMER

EXHIBIT "E"

# EXHIBIT "E"

1   GLENN L. BRIGGS (SB# 174497)
    Email: gbriggs@hbwllp.com
2   KYMBERLEIGH DAMRON-HSIAO (SB# 240508)
    Email: kdamronhsiao@hbwllp.com
3   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    TARGET CORPORATION

7

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                                  COUNTY OF KERN

11

12  BRIAN JOHNSON, an individual,          CASE NO. S-1500-CV-280240 SPC

13                  Plaintiff,             Assigned for all purposes to
                                           The Hon. Sidney P. Chapin, Dept. 04
14        vs.
                                           **NOTICE TO ADVERSE PARTY OF**
15  TARGET CORPORATION, a                  **REMOVAL OF CIVIL ACTION TO**
    corporation; and DOES 1-25, inclusive, **UNITED STATES DISTRICT COURT**
16                                          **UNDER 28 U.S.C. §§ 1332  AND 1441**
                    Defendants.            **(DIVERSITY)**
17
                                           Complaint filed:  September 13, 2013
18

19

20

21

22

23

24

25

26

27

28

226184

1   TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2

3      PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4   the United States District Court for the Central District of California on October 24, 2013.

5   A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and

6   are served and filed herewith.

7

8   DATED:  October 24, 2013          HODEL BRIGGS WINTER LLP
                                      GLENN L. BRIGGS
9                                     KYMBERLEIGH DAMRON-HSIAO

10

11                                    By: _Kymberleigh Damron-Hsiao_____
12                                         KYMBERLEIGH DAMRON-HSIAO

13                                    Attorneys for Defendant
14                                    TARGET CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

226184

1

NOTICE TO ADVERSE PARTY OF NOTICE OF REMOVAL ACTION TO FEDERAL COURT

EXHIBIT "F"

# EXHIBIT "F"

1   GLENN L. BRIGGS (SB# 174497)
    Email: gbriggs@hbwllp.com
2   KYMBERLEIGH DAMRON-HSIAO (SB# 240508)
    Email: kdamronhsiao@hbwllp.com
3   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    TARGET CORPORATION

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF KERN

11

12   BRIAN JOHNSON, an individual,        CASE NO. S-1500-CV-280240 SPC

13              Plaintiff,                 Assigned for all purposes to
                                           The Hon. Sidney P. Chapin, Dept. 04
14        vs.
                                           **NOTICE TO STATE COURT OF**
15   TARGET CORPORATION, a                 **REMOVAL OF CIVIL ACTION TO THE**
     corporation; and DOES 1-25, inclusive, **UNITED STATES DISTRICT COURT**
16                                         **UNDER 28 U.S.C. §§ 1332 AND 1441**
                Defendants.                **(DIVERSITY)**
17

18                                         Complaint filed:  September 13, 2013

19

20

21

22

23

24

25

26

27

28

226183

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF KERN:

2    Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

3    Party of Removal of this action to the United States District Court for the Central District

4    of California.  The original Notice of Removal of Civil Action to the United States

5    District Court was filed with the United States District Court for the Central District of

6    California with the attached exhibits on October 24, 2013.

7

8    The filing of said Notice of Removal effects the removal of the above-entitled

9    action from this Court.

10

11    DATED:  October 24, 2013         HODEL BRIGGS WINTER LLP
                                       GLENN L. BRIGGS
12                                     KYMBERLEIGH DAMRON-HSIAO

13

14

15                                     By: _Kymberleigh Damron-Hsiao_
                                           KYMBERLEIGH DAMRON-HSIAO
16

17                                     Attorneys for Defendant
                                       TARGET CORPORATION
18

19

20

21

22

23

24

25

26

27

28

226183

1